UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
            v.                      )  Criminal Action No. 05-100-13 (RWR)
                                    )
DESMOND THURSTON,                   )
                                    )
            Defendant.              )
_____)


<u>MEMORANDUM ORDER</u>

Defendant Desmond Thurston filed an unopposed motion under 18 U.S.C. § 3582(c) for a reduction of his sentence on two counts of distributing crack cocaine because the sentencing guidelines range upon which his sentence was based was later lowered by Amendment 782 to the U.S. Sentencing Guidelines ("U.S.S.G.").  Unopposed Motion to Reduce Sentence, ECF No. 1540 ("Mot.") at 1-2.  Because the factors under 18 U.S.C. § 3553(a) that must be considered in deciding Thurston's reduction motion were fully considered when Thurston was given his original sentence which reflected a downward departure from the then-applicable sentencing range and do not weigh in favor of reducing Thurston's sentence further, the motion will be denied.

A jury found Thurston guilty of two counts of unlawful distribution of less than 5 grams of crack cocaine in violation

of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  See Judgment, ECF No. 1405 at 1.  The applicable guidelines range for Thurston at the time of sentencing was 262 to 327 months of imprisonment from an offense level of 36 and a criminal history category of IV.  Mot. at 1.  Thurston's range was based largely upon Thurston's responsibility for at least 1.5 kilograms of cocaine base as relevant conduct.  Id. at 2.  However, as I announced at sentencing, I departed downward from the applicable range to the range of 168 to 210 months represented by an offense level of 33 and a criminal history category of III.

Thurston was sentenced on October 29, 2010 to 194 months of imprisonment.  Thurston unsuccessfully appealed his sentence to the D.C. Circuit which held, among other things, that the sentence did not violate Thurston's Sixth Amendment Rights. United States v. Jones, 744 F.3d 1362, 1370 (D.C. Cir. 2014). Now, Thurston seeks to have his sentence reduced since the crack cocaine sentencing penalties were lowered after he was sentenced.

Section 3582(c)(2) requires a court to consider factors identified in 18 U.S.C. § 3553(a).  Those factors include, among others, "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for

the offense," "the need for the sentence imposed to afford adequate deterrence to criminal conduct," and "the need to protect the public from further crimes of the defendant."  See 18 U.S.C. § 3553(a).

At sentencing, I considered and discussed all of those factors and others.  I explained that for many years, Thurston was involved in hustling crack with many others in a neighborhood held hostage to violence and addiction.  His group felt free to spread this poison and help keep people strung out.  Thurston lined his own pockets off of their misery and lessened the lives of countless others.  The substantial evidence of Thurston's repeated acts of violence and gun play was very troubling.  Cf., e.g., Presentence Report, ECF No. 1401 at ¶¶ 38, 43, 46-48, 53, 57-59, 61.  There was no charitable view of that kind of behavior, and it deserved substantial punishment.

However, mitigating factors warranted a downward departure. The departure resulted from concerns about the gross disparity between the applicable sentencing range and the far lower range applicable solely to the two small amounts of crack the jury found that he had sold, concerns about how his applicable criminal history category of IV would be only III if sentencing had been held only one business day later when a lower guidelines calculation would take effect, and consideration of

mitigating factors in his background and the delay he experienced in having his sentencing hearing.

The Court found a downward departure to a sentence of 194 months of imprisonment to be fair and just after considering all § 3553(a) factors.  Thurston now seeks a sentence reduction to one within a range of 168 to 210 months.  He currently is serving a sentence within that very range; that is the same range within which I already sentenced him.  He has presented no facts or arguments that support any different result. Therefore, it is hereby

ORDERED that Thurston's Unopposed Motion to Reduce Sentence [1540] be, and hereby is, DENIED.

SIGNED this 7th day of April, 2015.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge