UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**MAY 2 6 2016**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                               ) | Criminal No. 05-0100-13 (PLF) |
| ) | |
| DESMOND LEO THURSTON, ) | |
| ) | |
| Defendant.       ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's motion [Dkt. No. 1546] to reconsider the decision of the Court on defendant's unopposed motion to reduce sentence [Dkt. No. 1540], filed on April 1, 2015.

This case was originally assigned to Judge Richard W. Roberts, who presided over the trial of defendant Desmond Thurston in 2007. The jury found Mr. Thurston guilty of two counts of unlawful distribution of less than 5 grams of cocaine base, but Judge Roberts found as relevant conduct that defendant Thurston was responsible for at least 1.5 kilograms of cocaine base. The applicable Guidelines sentencing range for Mr. Thurston at the time of sentencing therefore was 262 to 327 months, based on an Offense Level of 36 and a Criminal History Category of IV. Judge Roberts departed downward from the applicable Guidelines sentencing range to a range of 168 to 210 months, represented by an Offense Level of 33 and a Criminal History Category of III. He then sentenced Mr. Thurston in the middle of that Guidelines sentencing range to a period of 194 months of imprisonment. Defendant Thurston unsuccessfully appealed his sentence to the D.C. Circuit.

On April 1, 2015, Mr. Thurston, represented by the Federal Public Defender, filed a motion [Dkt. No. 1540] pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his sentence from 194 months to 168 months. The United States did not oppose that motion. By Memorandum Order of April 8, 2015, Judge Roberts denied the motion to reduce the sentence, relying upon the same aggravating and mitigating factors that had led him at the time of the initial sentencing to reduce the Offense Level from 36 to 33 and the Criminal History Category from IV to III. See Memorandum Order of April 8, 2015 at 2–4 [Dkt No. 1543]. Judge Roberts found that a sentence of 194 months remained "fair and just" under the factors set forth in 18 U.S.C. § 3553(a), and that Mr. Thurston had presented no facts or arguments that would support any different result. Id. at 4.

On April 1, 2016, this case was reassigned from Judge Roberts to the undersigned. While the undersigned therefore was neither the sentencing judge nor the judge who considered the original motion under 18 U.S.C. § 3582(c), it falls upon him to consider the motion to reconsider.[1] The Court recognizes that post-sentencing rehabilitation may not be considered on a motion to modify a previously imposed sentence brought under 18 U.S.C. § 3582(c)(2). See United States v. Clipper, No. 96-cr-0291, 2016 WL 1555671, at *3 (D.D.C. April 15, 2016); United States v. Moore, 930 F. Supp. 2d 141, 145 n. 3 (D.D.C. 2013). Nevertheless, counsel for Mr. Thurston has included in her motion to reconsider matters that she had thought would have been brought to the attention of Judge Roberts when he decided the original motion to reduce sentence, but apparently were not brought to his attention in a timely

---

[1] The Court notes that the government in its response [Dkt. No. 1548] to the motion to reconsider states as follows: "The government did not oppose the original motion [to reduce sentence] and therefore takes no position on the motion for reconsideration, but reserves the right to defend on appeal any ruling by the trial court."

2

manner. See Defendant's Motion for Reconsideration at 3 [Dkt No. 1546]; see also Probation Office Memorandum of April 7, 2015 at 1–4 [Dkt. No. 1542].

Counsel also points out that under the Guidelines in effect today, Mr. Thurston would be at Offense Level 32, rather than at Offense Level 33. Assuming that Judge Roberts would still apply Criminal History Category III, the Guidelines sentencing range would be 151 to 188 months. On reconsideration, counsel therefore asks the Court to reduce Mr. Thurston's sentence from 194 months to 168 months – either because 168 months is the bottom of the Guidelines sentencing range considered by Judge Roberts in his April 8, 2015 Opinion,[2] or because it is in the middle of the range that would be applied if Mr. Thurston were sentenced today with a Criminal History Category of III.

The questions presented are: whether the Court has discretion under Section 3582(c)(2) to reconsider Judge Roberts' April 8, 2015 decision, and whether a sentence of 168 months is fair and just under all of the factors set forth in 18 U.S.C. § 3553(a). Clearly, the Court does have the authority to reconsider. United States v. Cabrera, 699 F. Supp. 2d 35, 39 (D.D.C. 2010) (collecting cases); United States v. Sunia, 643 F. Supp. 2d 51, 60 (D.D.C. 2009). And while one cannot know whether Judge Roberts would have been persuaded by the arguments set forth in the motion to reconsider, the undersigned is. A sentence of 168 months seems appropriate. Accordingly, it is hereby

---

[2] The Probation Office, in its memorandum of April 7, 2015 [Dkt. No. 1542] also points out that, based on the 2014 Sentencing Guidelines considered by Judge Roberts, defendant would be at Offense Level 32, Criminal History Category IV, for a Guidelines sentencing range of 168-210 months.

3

4

ORDERED that Mr. Thurston's motion to reconsider is GRANTED.

Mr. Thurston's sentence shall be reduced to 168 months of incarceration.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 5/26/15

4